JTM/ep

12-938

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

TVB HOLDINGS (USA), INC.; CHINA
CENTRAL TELEVISION; CHINA
INTERNATIONAL COMMUNICATIONS
CO., LTD.; and DISH NETWORK L.L.C.,

          Plaintiff,

v.

HTV INTERNATIONAL LIMITED, AND
JOHN DOES 1-10,

          Defendant.

Civil Action No. 16-CV-1489
(DLI)(PK)

ANSWER TO PLAINTIFFS'
COMPLAINT

**DEFENDANT DEMANDS A TRIAL BY JURY AS TO ALL ISSUES WHICH MAY BE HEARD BY A JURY**

**DEFENDANT HTV INTERNATIONAL LIMITED'S
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

The defendant, HTV INTERNATIONAL LIMITED ("HTV"), by its attorneys, Geringer, McNamara & Horowitz LLP, local counsel to Ni, Wang & Massand, PPLC, respectfully alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.     Denied.

2.     As to paragraph 2, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

3.     Denied.

4.     HTV admits that it sells h.TV devices in the United States, and that h.TV devices include the ability to download third party applications. As to the remaining allegations in

and therefore denies them.

5. Denied.

6. Denied.

7. HTV admits that it manufactures, distributes, and provides ongoing customer support for the h.TV device. However, it is not involved in the development and/or operation of third parties h.TV apps that are allegedly engaged in streaming TV contents. Except as so admitted, the remaining allegations in paragraph 7 are denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

## THE PARTIES

12. As to paragraph 12, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

13. As to paragraph 13, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

14. As to paragraph 14, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

15. As to paragraph 15, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

16. Admitted.

17. As to paragraph 17, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

## JURISDICTION AND VENUE

18. As to paragraph 18, HTV admits that this Court has subject matter jurisdictional over Plaintiffs' federal claims but neither admit nor deny the balance of the allegations for lack of knowledge and therefore, leave Plaintiffs to their proofs.

19. Denied.

20. Denied.

## FACTUAL BACKGROUND

### A. TVB (USA)'s Business and Intellectual Property Rights

21. As to paragraph 21, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

22. As to paragraph 22, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

23. As to paragraph 23, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

24. As to paragraph 24, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

25. As to paragraph 25, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

26. As to paragraph 26, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

27. As to paragraph 27, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

28. As to paragraph 28, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph. And further that the exhibits speak for themselves.

29. As to paragraph 29, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

30. HTV admits that Plaintiffs' complaint purports to arise under 17 U.S.C. §§ 101 and 411(a). However, HTV denies that Plaintiffs are entitled to any such relief. Except as so admitted, the remaining allegations in paragraph 30 are denied.

### B. **DISH's Business and Intellectual Property Rights**[1]

31. Upon information and belief, CCTV is the state-owned television broadcaster in mainland China. As to the remaining allegations in paragraph 31, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies them.

32. As to paragraph 32, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

33. As to paragraph 33, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

34. As to paragraph 34, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

35. As to paragraph 35, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

36. As to paragraph 36, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

---

[1] HTV believes this heading should refer to CCTV rather than DISH, but retains the headings for consistency.

37. As to paragraph 37, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

38. HTV admits that Plaintiffs' complaint purports to arise under 17 U.S.C. §§ 101 and 411(a). However, HTV denies that Plaintiffs are entitled to any such relief. Except as so admitted, the remaining allegations in paragraph 38 are denied.

### C. DISH's Business and Intellectual Property Rights

39. As to paragraph 39, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

40. As to paragraph 40, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

41. As to paragraph 41, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

### D. Defendant HTVI's Unlawful Conduct

42. HTV denies any allegations that it has purposefully targeted the State of New York or the Eastern District of New York from its website at htvbox.com. HTV admits the remaining allegations in Paragraph 42.

43. Denied.

44. Denied.

### h.TV Video Streaming

45. Denied.

46. To the extent the allegations in Paragraph 46 apply to HTV, HTV denies them. As to the remaining allegations in paragraph 46, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies them.

47. To the extent the allegations in Paragraph 47 apply to HTV, HTV denies them. As to the remaining allegations in paragraph 47, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies them.

48. As to paragraph 48, HTV admit same.

49. To the extent the allegations in Paragraph 49 apply to HTV, HTV denies them. As to the remaining allegations in paragraph 49, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies them.

50. As to paragraph 50, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

51. As to paragraph 51, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

52. As to paragraph 52, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

**The h.TV Device**

53. Denied.

54. Denied.

55. Admitted.

**The h.TV Store and the Infringing h.TV Apps**

56. As to paragraph 56, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

57. Admitted.

58. Admitted.

59. Admitted.

60. HTV admits that the h.TV store can be accessed through an h.TV device. Except as so admitted, the remaining allegations in paragraph 60 are denied.

61. HTV admits that it exercise certain control of the h.TV store, including the rights to maintain the h.TV store and delete apps uploaded to the h.TV Store by third parties. Except as so admitted, the remaining allegations in paragraph 61 are denied.

62. As to paragraph 62, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

63. As to paragraph 63, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

64. As to paragraph 64, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

65. As to paragraph 65, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

66. As to paragraph 66, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

67. As to paragraph 67, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

68. As to paragraph 68, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

69. Denied.

70. As to paragraph 70, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

71. As to paragraph 71, HTV lacks sufficient information to form a belief as to the

truth of these allegations and therefore denies the allegations in this paragraph.

**HTVI Promotes, Fosters, and Induces Infringing Public Performances of CCTV and TVB Programs**

      72.    Denied.

      73.    Denied.

      74.    HTV admits that the alleged contents were on its website as of January 27, 2016. Except as so admitted, any remaining allegations of paragraph 74 are denied.

      75.    HTV admits that the alleged web page was on its website as of January 27, 2016. Except as so admitted, any remaining allegations of paragraph 75 are denied.

      76.    HTV admits that the alleged contents were on its website as of March 8, 2016. Except as so admitted, any remaining allegations of paragraph 76 are denied.

      77.    HTV admits that that the alleged web page was on its website as of March 8, 2016. Except as so admitted, any remaining allegations of paragraph 77 are denied.

      78.    HTV admits that it operates the alleged Facebook webpage in Paragraph 78. However, except as so admitted, HTV lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 78 and therefore denies them.

      79.    HTV admits that it provided customer support and technical assistance to users of the h.TV devices. However, except as so admitted, HTV lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 79 and therefore denies them.

      80.    Denied.

      81.    Denied.

      82.    HTV admits that Plaintiffs TVB (USA) sent a cease-and-desist letter to HTV, and that HTV responded to the letter. As of the date of this Answer, HTV has removed the alleged

Infringing Apps from its h.TV store. Except as so admitted, the remaining allegations in paragraph 82 are denied.

HTVI Has Significant Contacts with the Forum

83. Denied.

84. HTVs admit that it operates the website the h.TV website and sells h.TV devices to customers in the United States. Except as so admitted, the remaining allegations in paragraph 84 are denied.

85. As to paragraph 85, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

86. Denied.

87. Denied.

88. Denied.

## COUNT ONE

## DIRECT COPYRIGHT INFRINGEMENT

89. HTVs incorporates by reference its answers in Paragraph 1 through 88 above.

90. As to paragraph 90, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

91. As to paragraph 91, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

92. As to paragraph 92, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

93. As to paragraph 93, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

## COUNT TWO

## SECONDARY COPYRIGHT INFRINGEMENT

103. HTVs incorporate by reference their answers in Paragraph 1 through 102 above.

104. Denied.

105. As to paragraph 105, HTV lacks sufficient information to form a belief as to the truth of these allegations and therefore denies the allegations in this paragraph.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

## PRAYER FOR RELIEF

WHEREFORE, HTV prays that this Court deny all of the relief requested by the Plaintiffs and award HTV its costs and attorney fees as well as costs and attorney fees as the Court deems just and proper in this matter.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' equitable claims, including requests for injunctive relief are barred under the Doctrine of Laches.

2. Plaintiffs have failed to state a claim upon which relief may be granted against HTVs under an "alter ego" theory of liability.

3. Venue is not proper as it is inconvenient for litigating in this Court due to the location of the parties and witnesses who are located outside of the jurisdiction of the Court.

4. Plaintiffs' requested relief is barred under the Doctrine of Unclean Hands based upon facts and circumstances to be determined in discovery.

5. Plaintiffs' claims for damages are limited by 15 U.S.C. § 1111.

6.      Defendant reserves the right to add additional Affirmative Defenses that become known through discovery.

WHEREFORE, the defendant, HTV, demands judgment dismissing the complaint and action herein, together with the costs, expenses and disbursements of this action.

Dated: New York, New York
May 5, 2016

Yours, etc.,

GERINGER, McNAMARA & HOROWITZ LLP

By: _____
JOHN T. McNAMARA (JTM 9192)

jmcnamara@geringerdolan.com
Attorneys for Defendant
HTV INTERNATIONAL LIMITED
5 Hanover Square – 3rd Floor
New York, New York 10004
(212) 682-7050

Local Counsel to:

_____
By: TIMOTHY T. WANG
twang@nilawfirm.com
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
(972) 331-4600

TO:    Lance Koonce, Esq.
        DAVIS WRIGHT TREMAINE LLP
        Attorneys for Plaintiffs
        1251 Avenue of the Americas, 21st Floor
        New York, New York 10020-1104
        lancekoonce@dwt.com

CERTIFICATE OF SERVICE

I, John T. McNamara, hereby certify that on the 5th day of May 2016, the foregoing Answer to Plaintiff's Complaint and Certificate of Service has been electronically filed and is available for viewing and downloading from the Electronic Case Filing system of the United States District Court for the Eastern District of New York.

Additionally, a copy of the foregoing being served by first class mail with postage prepaid thereon upon the opposing attorney on May 5, 2016.

TO: Lance Koonce, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Plaintiffs
1251 Avenue of the Americas, 21st Floor
New York, New York 10020-1104
lancekoonce@dwt.com

JOHN T. McNAMARA (9192)